## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

SCOTT LYKENS,

      Plaintiff,

      v.

COLETTE S. PETERS, et al.,

      Defendants.

CIVIL ACTION NO. 4:24-cv-01385

(SAPORITO, J.)

## MEMORANDUM

Now before the court is a report and recommendation of Chief United States Magistrate Judge Daryl F. Bloom, in which he recommends that this action be dismissed for lack of subject matter jurisdiction, and the plaintiff's motion to remand this action to state court be denied as moot. Doc. 14.

This action was originally commenced by the plaintiff in state court. Doc. 1-2. It was removed to this court by the United States on August 16, 2024. Doc. 1. The plaintiff has filed a motion to remand the action back to state court, which is fully briefed and ripe for decision. Doc. 3; *see also* Doc. 6; Doc. 9; Doc. 11. Meanwhile, the United States has filed a motion to dismiss the action for lack of subject matter jurisdiction or, in the alternative, for failure to state a claim upon which relief can be granted.

Doc. 8. The motion to dismiss is likewise fully briefed and ripe for decision. *See* Doc. 10; Doc. 12; Doc. 13.

On November 27, 2024, the magistrate judge entered his report recommending that the motion to dismiss be granted and the motion to remand be denied. The plaintiff has filed objections to the report and recommendation. We will adopt the magistrate judge's recommendations, but for different reasons than those advanced in his report.

## I. STANDARD OF REVIEW

"When objections to a report and recommendation have been filed, the court must make a *de novo* determination of those portions of the report to which specific objections are made." *Thompson v. Smeal*, 54 F. Supp. 3d 339, 342 (M.D. Pa. 2014). "When conducting a *de novo* review, the court may accept, reject, or modify, in whole or in part, the factual findings or legal conclusions of the magistrate judge." *United States v. McLaughlin*, 607 F. Supp. 3d 522, 529 (M.D. Pa. 2022); *see also* 28 U.S.C. § 636(b)(1); M.D. Pa. L.R. 72.3; *Thompson*, 54 F. Supp. 3d at 342. A *de novo* determination, however, is not required if the objections are not specific. *Goney v. Clark*, 749 F.2d 5, 6–7 (3d Cir. 1984) (per curiam); *McLaughlin*, 607 F. Supp. 3d at 529. At a minimum, uncontested portions

of the report and recommendation and general objections must be reviewed for clear error or manifest injustice. *McLaughlin*, 607 F. Supp. 3d at 529–30; *Thompson*, 54 F. Supp. 3d at 341–42; *Cruz v. Chater*, 990 F. Supp. 375, 376–77 (M.D. Pa. 1998).

## II.  BACKGROUND

In April 2022, Lykens pleaded guilty to federal tax violations and was sentenced to serve a term of 15 months of imprisonment. On May 20, 2022, Lykens self-surrendered and was taken into custody of the United States Bureau of Prisons ("BOP") to serve his sentence. On March 14, 2023, he was released from BOP custody.

Lykens, however, alleges that the named defendants[1] and some number of unidentified BOP employees[2] willfully miscalculated his accrual of FSA time credits.[3] By Lykens's own calculations, he was

---

[1] The named defendants are: (1) Colette S. Peters, Director of the BOP; (2) James C. Petrucci, Northeast Regional Director of the BOP; and (3) Stephen Spaulding, Chief Executive Officer of USP Lewisburg, a BOP correctional facility.

[2] The complaint named "John Does 1 through 20" as defendants, but it did not describe any of these fictitious defendants with any particularity.

[3] In his papers, the plaintiff has referred to these time credits as "earned time credits." The First Step Act itself simply uses the term "time credits." *See* 18 U.S.C. § 3632(d)(4). In its implementing regulations, the

*(continued on next page)*

entitled to 135 days of FSA time credits, but BOP officials awarded him only 90 days of FSA time credits. As a result, he alleges that he was unlawfully imprisoned for 45 days after the date when he should have been released from BOP custody.

On July 1, 2024, Lykens filed his complaint in state court, asserting 45 counts of the state-law tort of false imprisonment—one count for each day of allegedly unlawful incarceration—against the defendants in their personal capacities. On August 16, 2024, the United States removed the action to this court, asserting that, under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 1346(b) and 28 U.S.C. § 2671 *et seq.*, it was the only proper defendant in any civil action involving the acts or omissions of a government employee. Lykens moved to remand the case to state court, arguing that the United States lacked standing to remove the action, and that the notice of removal was procedurally defective.

---

BOP has dubbed them "FSA time credits." *See* 28 C.F.R. § 523.40 *et seq.* For the sake of clarity, we have generally adopted this label, "FSA time credits," to distinguish them from other sorts of "time credits" awarded in the federal prison system. *See, e.g.,* 28 C.F.R. § 523.1 *et seq.* (addressing "statutory good time credit" and "extra good time credit" awarded to prisoners sentenced for offenses committed before November 1, 1987); *id.* § 523.20 (addressing "good conduct time credit" awarded pursuant to 18 U.S.C. § 3624(b)).

On September 9, 2024, the United States filed a notice of substitution, together with a certification that each of the three named defendants was a federal employee acting within the scope of his or her officer or employment with the federal government at the time of the incident out of which the suit arose. *See* 28 U.S.C. § 2679(d)(2); 28 C.F.R. § 15.4. As a consequence, the United States was automatically substituted in place of the three named defendants and the tort action automatically converted into an FTCA action against the United States. *See Harbury v. Hayden*, 522 F.3d 413, 416 (D.C. Cir. 2008).

The United States then moved that same day to dismiss the action for lack of subject matter jurisdiction or, in the alternative, for failure to state a claim. The United States advanced several alternative grounds for dismissal: (1) the plaintiff had failed to exhaust administrative remedies by filing an administrative claim with the agency within two years after the incident giving rise to his tort claims, as required by 28 U.S.C. § 2401(d); (2) the plaintiff's false imprisonment claims were expressly barred by the terms of 28 U.S.C. § 2680(h); (3) to the extent the plaintiff's over-detention claims could be construed as negligence claims, there was no state-law private party analogue; and (4) because the

challenged sentence computation was never invalidated, the plaintiff's claims were barred by the favorable termination rule set forth in *Heck v. Humphrey*, 512 U.S. 477 (1994).[4]

In his report, the magistrate judge first addressed an argument by the plaintiff that the United States had been improperly substituted in place of the individual defendants, and the action was not subject to the procedural or substantive requirements of the FTCA, because the individual defendants' allegedly unlawful or intentionally tortious conduct—characterized as false imprisonment in the complaint—was *outside* the scope of their employment as a matter of law. The magistrate judge rejected this argument,[5] noting that the scope certification filed by the United States constituted *prima facie* evidence that the individual defendants named in the plaintiff's *pro se* complaint were acting within the scope of their employment, and he found that the plaintiff had failed

_____

[4] The first three grounds are jurisdictional issues. The fourth is an argument that the plaintiff failed to state a claim upon which relief could be granted.

[5] As the magistrate judge observed, intentionally tortious—or even criminal—acts may nevertheless fall within the scope of a defendant's employment, so long as the conduct was of the same general nature as that authorized, or incidental to the conduct authorized. *See, e.g.*, *Brumfield v. Sanders*, 232 F.3d 376, 381 (3d Cir. 2000).

to offer specific facts to show that the certification was incorrect or "based on a different understanding of the facts than is reflected in the complaint." *See Melo v. Hafer*, 13 F.3d 736, 747 (3d Cir. 1994); *Rendon v. United States*, 91 F. Supp. 2d 817, 820 (E.D. Pa. 2000). Thus, the magistrate judge concluded that the substitution of the United States in place of the individual defendants was appropriate, and that the plaintiff's claims therefore arose under the FTCA.

The magistrate judge then considered the government's argument that the plaintiff's false imprisonment claims were expressly barred by the terms of 28 U.S.C. § 2680(h). That section provides that the FTCA's waiver of sovereign immunity "shall not apply to . . . [a]ny claim arising out of . . . false imprisonment." 28 U.S.C. § 2680(h). Based on this provision, the magistrate judge recommended that the plaintiff's FTCA claims be dismissed for lack of subject matter jurisdiction.[6]

The magistrate judge also considered the plaintiff's motion to remand, finding that any procedural defects in the removal process had been subsequently cured by the United States. *See generally Grupo*

---

[6] The magistrate judge did not reach the alternative bases for dismissal offered by the United States.

*Dataflux v. Atlas Global Grp., L.P.*, 541 U.S. 567, 574 (2004) (holding that a procedural defect in removal does not require dismissal or remand if there is no jurisdictional defect). Notwithstanding this finding, however, the magistrate judge recommended that the motion to remand be denied as moot upon dismissal of the entire action for lack of subject matter jurisdiction.

On Monday, December 16, 2024, the plaintiff filed his objections to the magistrate judge's report and recommendation.[7] He has raised two specific objections to the report and recommendation: (1) The magistrate

---

[7] In its response to these objections, the United States has argued that the plaintiff's objections were untimely filed. This argument is well founded. The magistrate judge's report and recommendation was entered on November 27, 2024, and served on the plaintiff that same day by filing it with the court's electronic-filing system—although appearing *pro se*, the plaintiff is a registered ECF user. *See* Fed. R. Civ. P. 5(b)(2)(E) (providing that, under these circumstances, "service is complete upon filing"). The plaintiff's objections were due 14 days later, on December 11, 2024. *See* Fed. R. Civ. P. 72(b)(2). The plaintiff filed his objections five days later, on Monday, December 16, 2024. But in light of an error by the clerk in docketing the report and recommendation, we will deem the objections timely filed. In docketing the report, the clerk noted on the docket: "Objections to R&R due by 12/14/2024." In his reply in support of his objections, the plaintiff indicated his understanding that, because December 14 fell on a Saturday, his objections were then due on Monday, December 16, 2024, by operation of Fed. R. Civ. P. 6(a)(1)(C). While his objections were in fact filed five days late, the *pro se* plaintiff's reliance on the clerk's docket note is understandable, and we will excuse the untimeliness of his filing as a result.

judge erred in finding that the plaintiff's FTCA claims are barred by the false imprisonment exception to the FTCA set forth in 28 U.S.C. § 2680(h); and (2) the magistrate judge erred in finding that any procedural defects in removal of this case were subsequently cured, and thus the removal of this case from state court was proper. The plaintiff has also articulated four general objections: (a) The magistrate judge erred in finding that the individual named defendants were acting within the scope of their employment; (b) the magistrate judge erred in finding that the United States should be permitted to substitute itself in place of the individual named defendants; (c) the magistrate judge erred in finding that his state-law tort action against the individual named defendants should be converted into an FTCA action against the United States; and (d) the magistrate judge erred in finding that this action should be dismissed rather than remanded to state court.[8]

---

[8] These four general objections are presented in conclusory fashion, without articulating any specific facts or legal arguments in support of the plaintiff's objections. *See generally Giallanzo v. City of New York*, 630 F. Supp. 3d 439, 450 (S.D.N.Y. 2022) ("To the extent that the objecting party makes only conclusory or general objections, or simply reiterates the original arguments, the court will review the report and recommendation strictly for clear error.").

## III.   DISCUSSION

### A. The Plaintiff's Motion to Remand

The magistrate judge found that any procedural defects in removal of this case were subsequently cured, and thus remand was not required. But in light of his concurrent recommendation that this case be dismissed for lack of subject matter jurisdiction, his ultimate recommendation was to deny the plaintiff's motion to remand as moot.

The plaintiff has objected to this finding and recommendation by the magistrate judge, arguing that the conduct giving rise to his claims does not fall within the scope of employment for the individual named defendants, and thus the removal of this action from state court by the United States, together with its substitution in place of the individual named defendants and the conversion of the plaintiff's state-law tort action into an FTCA action, was procedurally improper.

The crux of the plaintiff's objection is his argument that the allegedly tortious conduct—the allegedly intentional miscalculation of the plaintiff's FSA time credits—by the individual named defendants— all of whom are senior BOP officials—did not fall within the scope of their employment because that conduct was intentionally tortious. But, as

noted above, the United States has filed a certification that each of the three named defendants was a federal employee acting within the scope of his or her office or employment with the federal government at the time of the incident out of which the suit arose. Under the applicable provision of the FTCA, "[t]his certification of the Attorney General shall *conclusively* establish scope of office or employment *for purposes of removal*." 28 U.S.C. § 2679(d)(2) (emphasis added).[9]

Based on the unequivocal language of this statutory provision, we find the plaintiff's objection to be without merit. We will adopt the magistrate judge's recommendation that the motion to remand be denied, but on its merits rather than on the ground that it is moot.

### B. The False Imprisonment Exception

The magistrate judge found that the plaintiff's false imprisonment claims fell within the scope of the false-imprisonment exception to the FTCA, which provides that the FTCA's waiver of sovereign immunity "shall not apply to . . . [a]ny claim arising out of . . . false imprisonment."

---

[9] We further note that, with respect to the timing of removal by the United States and its filing of its notice of substitution in cases such as this, the same statutory provision provides that such an action may be removed "at any time before trial." 28 U.S.C. § 2679(d)(2). The usual 30-day period for removal does not apply in the FTCA context.

28 U.S.C. § 2680(h). Based on this, the magistrate judge recommended that the government's motion to dismiss be granted and this action be dismissed for lack of subject matter jurisdiction.

In his objections, the plaintiff argues that this finding by the magistrate judge is in error. He points to the full text of the statute setting forth the false imprisonment exception to the FTCA, which itself further provides an exclusion from the false imprisonment exception for investigative or law enforcement officers:

> The provisions of [the FTCA] shall not apply to . . . [a]ny claim arising out of . . . false imprisonment: *Provided*, That, with regard to acts or omissions of investigative or law enforcement officers of the United States Government, the provision of [the FTCA] shall apply to any claim arising . . . out of . . . false imprisonment. For the purpose of this subsection, "investigative or law enforcement officer" means any officer of the United States who is empowered by law to execute searches, to seize evidence, or to make arrests for violations of Federal law.

28 U.S.C. § 2680(h). The plaintiff argues that *all* officers and employees of the BOP fall within the scope of the investigative or law enforcement officer exclusion, citing 18 U.S.C. § 3050, which empowers *all* officers and employees of the BOP to make arrests. *See* 18 U.S.C. § 3050 (empowering all BOP officers and employees to make arrests on or off BOP property

with respect to certain offenses).

The plaintiff's objection in this instance is well taken.

In *Millbrook v. United States*, 569 U.S. 50 (2013), the Supreme Court of the United States rejected the Third Circuit's narrow construction of § 2680(h), which had limited the investigative or law enforcement officer exclusion to tortious conduct by federal officers committed during the course of executing a search, seizing evidence, or making an arrest. *Id.* 55–57. The Supreme Court held that "the waiver [of sovereign immunity] effected by the law enforcement proviso extends to acts or omissions of law enforcement officers that arise within the scope of their employment, regardless of whether the officers are engaged in investigative or law enforcement activity, or are executing a search, seizing evidence, or making an arrest." *Id.* at 57.

Although many lower courts appear to have considered the same argument advanced by the plaintiff here—that all BOP officers and employees categorically fall within the scope of the statutory definition of "investigative or law enforcement officers" set forth in § 2680(h) as a matter of law, pursuant to 18 U.S.C. § 3050—they have reached conflicting conclusions. *Compare McGowan v. United States*, 825 F.3d

118, 127 n.5 (2d Cir. 2016) (per curiam) (finding BOP employees categorically fall within the scope of the investigative or law enforcement officer exclusion); *Morrow v. Fed. Bureau of Prisons*, 255 Fed. App'x 378, 380 (11th Cir. 2007) (per curiam) (same); *Hernandez v. Lattimore*, 612 F.2d 61, 64 n.7 (2d Cir. 1979) (same); *James v. Mason*, No. 1:10-CV-01706, 2013 WL 5592417, at *4 (W.D. La. Oct. 9, 2013) (same), *with Murphy v. United States*, No. 4:23-CV-02061, 2024 WL 3878574, at *3 n.26 (M.D. Pa. Aug. 20, 2024) (noting without elaboration in a case involving BOP sentence calculations that "[s]ection 2680(h) contains an exception to the exception for federal 'investigative or law enforcement officers,' but that proviso does not apply in the instant case"); *Buzzanca v. Dist. of Columbia*, 523 F. Supp. 3d 64, 69 (D.D.C. 2021) (declining to permit jurisdictional discovery with respect to FTCA claims concerning BOP sentence calculations because "[i]t seems highly improbable" that "BOP employees whose job it is to compute sentences have the authority to conduct searches, seizures, or arrest"); *Sheppard v. United States*, 537 F. Supp. 2d 785, 791–92 (D. Md. 2008) (denying summary judgment and permitting additional discovery into whether BOP employees involved in plaintiff's over-incarceration were in fact "investigative or law

enforcement officers" under § 2680(h)).

But we need not resolve this particular issue definitively, because the government's motion to dismiss presents an alternate basis for dismissal for lack of subject matter jurisdiction that we find compelling and case-dispositive.

## C. Exhaustion of Administrative Remedies

In its motion to dismiss, the United States also argued that the plaintiff had failed to exhaust administrative remedies by filing an administrative claim with the agency within two years after the incident giving rise to his tort claims, as required by 28 U.S.C. § 2401(d).

The plaintiff bears the burden of establishing the existence of subject matter jurisdiction under Rule 12(b)(1). *See Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d 1406, 1409 (3d Cir. 1991). A defendant may challenge the existence of subject matter jurisdiction in one of two fashions: it may attack the complaint on its face or it may attack the existence of subject matter jurisdiction in fact, relying on evidence beyond the pleadings. *See Gould Elecs. Inc. v. United States*, 220 F.3d 169, 176 (3d Cir. 2000); *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977). Where a defendant attacks a complaint as

deficient on its face, "the court must consider the allegations of the complaint as true." *Mortensen*, 549 F.2d at 891. "In deciding a Rule 12(b)(1) facial attack, the court may only consider the allegations contained in the complaint and the exhibits attached to the complaint; matters of public record such as court records, letter decisions of government agencies and published reports of administrative bodies; and 'undisputably authentic' documents which the plaintiff has identified as the basis of his claims and which the defendant has attached as exhibits to his motion to dismiss. *Medici v. Pocono Mountain Sch. Dist.*, No. 09-CV-2344, 2010 WL 1006917, at *2 (M.D. Pa. Mar. 16, 2010). However, when a motion to dismiss attacks the existence of subject matter jurisdiction in fact, "no presumptive truthfulness attaches to plaintiff's allegations," and "the trial court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case." *Mortensen*, 549 F.2d at 891. This case falls into the latter category.

This court lacks subject matter jurisdiction over the plaintiff's FTCA action because he initiated this civil action prior to receipt of a final decision on his administrative tort claim. Indeed, the plaintiff filed this FTCA action before he had even presented such a claim to the agency.

"The FTCA precludes suit against the United States unless the claimant has first presented the claim to the relevant Federal agency and the claim has been finally denied." *Lightfoot v. United States*, 564 F.3d 625, 626 (3d Cir. 2009). In pertinent part, the FTCA provides that:

> An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail.

28 U.S.C. § 2675(a). If the agency does not act within six months, the failure to issue a decision may be treated as a final decision by the claimant. *Id.*; *see also Accolla v. U.S. Gov't*, 369 F3d. App'x 408, 410 (3d Cir. 2010) (per curiam). "The final denial requirement is 'jurisdictional and cannot be waived.'" *Lightfoot*, 564 F.3d at 627; *see also McNeil v. United States*, 508 U.S. 106, 111–13 (1993) (affirming dismissal of premature FTCA claim for lack of jurisdiction); *Roma v. United States*, 344 F.3d 352, 362 (3d Cir. 2003) ("[T]he requirement that the appropriate federal agency act on a claim before suit can be brought is jurisdictional and cannot be waived.").

Here, together with its motion to dismiss, the United States proffered evidence that the plaintiff had not presented an administrative tort claim of any sort to the BOP. *See* Wright Decl. ¶¶ 5–6, Doc. 10-2. As a consequence of the plaintiff's failure to satisfy this jurisdictional prerequisite, the government argued that this action must be dismissed for lack of subject matter jurisdiction.

While the plaintiff's brief in opposition articulated a robust response to other issues raised by the government's motion papers, it failed to address the government's exhaustion of administrative remedies argument whatsoever. Based on the evidence of record, it is clear that this court lacks jurisdiction to adjudicate the plaintiff's premature FTCA claims. Moreover, the filing of a brief in opposition to a motion to dismiss that fails to respond to a substantive argument to dismiss a particular claim results in the waiver or abandonment of that claim. *See Dribelbis v. Scholton*, 274 Fed. App'x 183, 185 (3d Cir. 2008) (affirming district court's finding of waiver as to an argument where plaintiff had opportunity to address it in his opposition brief but failed to do so); *Levy-Tatum v. Navient Solutions, Inc.*, 183 F. Supp. 3d 701, 712 (E.D. Pa. 2016) (collecting cases); *D'Angio v. Borough of Nescopeck*, 34 F. Supp. 2d 256,

265 (M.D. Pa. 1999) (finding claims waived where plaintiff failed to address defendant's argument in his brief in opposition to a motion to dismiss); *see also LM Gen. Ins. Co. v. LeBrun*, 470 F. Supp. 3d 440, 460 (E.D. Pa. 2020); *Celestial Cmty. Dev. Corp. v. City of Philadelphia*, 901 F. Supp. 2d 566, 578 (E.D. Pa. 2012).

The plaintiff's only response whatsoever on this issue is a belated statement in his reply in support of his objections to the magistrate judge's report and recommendations, filed on December 31, 2024. In this reply, the plaintiff informed the court that he had recently presented his administrative tort claim to the BOP, having "filed a form SF-95 claim with the Bureau of Prisons[,] sent by certified mail receipt number 7018 2290 0002 2411 2018 and delivered to BOP on November 25, 2024." Pl. Reply in Supp. of Obj. 3–4, Doc. 17. *See generally* 28 C.F.R. § 14.2(a) ("[A] claim shall be deemed to have been presented when a Federal agency receives from a claimant . . . written notification of an incident, accompanied by a claim for money damages in a sum certain for injury to or loss of property, personal injury, or death alleged to have occurred by reason of the incident . . . .").

But the plaintiff commenced this FTCA action in state court on July

1, 2024, it was removed to this court by the government on August 16, 2024, and the United States was formally substituted in place of the individual named defendants on September 9, 2024, all several months before he first presented his administrative tort claim to the BOP on November 25, 2024, and well before any denial of his administrative tort claim or the expiration of the applicable six-month period after which an agency failure to respond could be treated as a final decision. Thus, the plaintiff has "violated the strict requirement that administrative exhaustion must be complete *before* a party may institute a civil action in District Court under the FTCA." *Wadhwa v. Nicholson*, 367 Fed. App'x 322, 325 & n.5 (3d Cir. 2010) (per curiam) (citing *McNeil*, 508 U.S. at 112–13); *see also McNeil*, 508 U.S. at 113 ("The FTCA bars claimants from bringing suit in federal court until they have exhausted their administrative remedies."); *Farrell v. United States*, No. 3:19-1786, 2020 WL 773864, at *3 (M.D. Pa. Feb. 18, 2020) (citing *Wadhwa*, 367 Fed. App'x at 325); *Smith v. Riley*, No. 14-7247, 2015 WL 4615913, at *5 & n.4 (D.N.J. July 31, 2015) (citing *Wadhwa*, 367 Fed. App'x at 324). The plaintiff's belated presentation of an administrative tort claim to the agency five months after commencing suit cannot cure this jurisdictional

defect.

Accordingly, the this FTCA action will be dismissed without prejudice for lack of subject matter jurisdiction.

## IV.   CONCLUSION

The plaintiff's four remaining objections—(a) The magistrate judge erred in finding that the individual named defendants were acting within the scope of their employment; (b) the magistrate judge erred in finding that the United States should be permitted to substitute itself in place of the individual named defendants; (c) the magistrate judge erred in finding that his state-law tort action against the individual named defendants should be converted into an FTCA action against the United States; and (d) the magistrate judge erred in finding that this action should be dismissed rather than remanded to state court—are presented in conclusory fashion, without articulating any specific facts or legal arguments in support of the plaintiff's objections. *See generally Giallanzo v. City of New York*, 630 F. Supp. 3d 439, 450 (S.D.N.Y. 2022) ("To the extent that the objecting party makes only conclusory or general objections, or simply reiterates the original arguments, the court will review the report and recommendation strictly for clear error."). Thus,

following an independent review of the report and the record, and having afforded "reasoned consideration" to these general objections and to uncontested portions of the report, *E.E.O.C. v. City of Long Branch*, 866 F.3d 93, 99 (3d Cir. 2017), we are satisfied that "there is no clear error on the face of the record," Fed. R. Civ. P. 72(b) advisory committee note to 1983 amendment. We find Judge Bloom's analysis with respect to these portions of the report and recommendation to be well-reasoned and fully supported by the record and applicable law

As set forth above, we find the plaintiff's specific objection with respect to the motion to remand to be without merit. While we find that the plaintiff's specific objection with respect to the magistrate judge's application of the FTCA's false imprisonment exception may have some arguable merit, we find that this court nevertheless lacks subject matter jurisdiction due to the plaintiff's failure to satisfy the FTCA's strict administrative exhaustion requirements prior to instituting suit.

Accordingly, the court will adopt the report and recommendation as the decision of the court, as supplemented and modified by this memorandum opinion.

An appropriate order follows.


Dated: February 4, 2025                    *s/Joseph F. Saporito, Jr.*
                                           JOSEPH F. SAPORITO, JR.
                                           United States District Judge